UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALYSSA CRUZ, individually and on behalf of all other persons similarly situated who were employed by LORETTO REST REALTY CORPORATION d/b/a LORETTO REST NURSING HOME COMPANY and LORETTO REST NURSING, and/or any other affiliated or related entities,<br><br>                                                    Plaintiffs,<br>-against-<br><br>LORETTO REST REALTY CORPORATION d/b/a LORETTO REST NURSING HOME COMPANY and LORETTO REST NURSING, and/or any other affiliated or related entities,<br>                                                    Defendants. | **COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION**<br>**and**<br>**CLASS ACTION**<br><br>Docket No.: 5:25-cv-00613 (AJB/ML)<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiff Alyssa Cruz ("Named Plaintiff"), by her attorneys Gattuso & Ciotoli, PLLC and Virginia & Ambinder, LLP; allege upon knowledge to herself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142 *et. seq.* to recover unpaid wages and overtime compensation as well as related damages and damages for failure to provide accurate wage statements and wage notices owed to the Named Plaintiff and all similar situated persons (collectively "Plaintiffs") who are presently or were formerly employed by Defendant and/or any other entities affiliated with or controlled by Defendant as Licensed Practical Nurses (LPNs), Nurse Technicians (NTs), Patient

1

Care Technicians (PCTs), Certified Nurse assistants (CNAs), Home Health Aides (HHAs), and other employees providing nursing or personal care support from April 2019 to the present.

2. From at least April 2019 and continuing through the present, Defendant has engaged in a policy and practice of depriving their employees of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

3. From at least April 2019 and continuing through the present, Defendant has engaged in a policy and practice of having their employees regularly work in excess of 40 hours per week without providing overtime compensation as required by the applicable federal and state laws.

4. Upon information and belief, Defendant also failed to provide appropriate wage notices and pay statements to Named Plaintiff and those similarly situated as required under NYLL.

5. Named Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

7. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

9. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

10. Named Plaintiff is an individual who is currently a resident of Onondaga County, New York, and was employed by Defendant as a LPN from approximately January, 2023 to February 27, 2025.

11. Upon information and belief, Defendant LORETTO REST REALTY CORPORATION is a domestic corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 700 East Brighton Ave., Syracuse, NY 13205.

12. At all times relevant to this action, Defendant was Plaintiffs' employer as defined by NYLL §§ 2(6), 190(3), and 651(6), as well as 29 U.S.C. § 203, *et seq*.

13. Defendant employed Plaintiffs at all relevant times and had substantial control over Plaintiffs' working conditions and over the unlawful policies and practices alleged herein.

14. At all relevant times, Defendant had control over and the power to change compensation practices.

15. At all relevant times, Defendant had the power to determine employee policies including but not limited to policies governing pay rates and pay policies for Plaintiffs.

16. At all relevant times, Defendant had power over personnel decisions with respect to Plaintiffs including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

## CLASS ALLEGATIONS

17. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

18. This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated individuals who are presently or were formerly employed by Defendant and/or any other entities affiliated with or controlled by Defendant as Licensed Practical Nurses (LPNs), Nurse Technicians (NTs), Patient Care Technicians (PCTs), Certified Nurse assistants (CNAs), Home Health Aides (HHAs), and other employees providing nursing or personal care support from April 2019 to the present

19. Named Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA and NYLL by failing to pay Named Plaintiff and those similarly situated their regular hourly wage rate for all hours worked and overtime compensation at the rate of one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

20. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of forty (40) employees. Additionally, the names of all potential members of the putative class are not known.

21. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendant failed to pay Named Plaintiff and Putative Class Members the appropriate regular wage for all hours worked up to 40 in a week; (2) whether Defendant failed to pay Named Plaintiff and Putative Class Members overtime compensation at the rate of one and one half times the regular wage rate for all hours worked in excess of 40 in a week; (3) whether Defendant failed to provide Named Plaintiff and Putative Class Members with proper wage

statements and notices during the time of their employment; (4) whether Defendant failed to keep and maintain proper and accurate records throughout Plaintiffs' employment.

22. The claims of Named Plaintiff are typical of the claims of the Putative Class. Named Plaintiff and Putative Class Members were all subject to Defendant's policies and willful practice of failing to pay regular and/or overtime wages for all hours worked; as well as Defendant's failure to provide wage notices as required by NYLL.

23. Named Plaintiff and counsel will fairly and adequately protect the interests of the Putative Class. Named Plaintiff has retained counsel experienced in complex wage and hour collective and class-action litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and Putative Class Members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

**FACTS**

25. Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

26. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

27. Named Plaintiff was employed by Defendant as an LPN from approximately January 2023 to February 27, 2025 at their adult home and assisted living program at Sedgwick Heights located at 1100 James Street, Syracuse, NY 13203.

28. From approximately January 2023 to January 2024, Named Plaintiff typically worked four (4) shifts per week from approximately 6:30 a.m. to 5:00 p.m. for a total of 42 hours per week.

29. From approximately February 2024 to February 2025, Named Plaintiff typically worked five (5) shifts per week from approximately 6:00 a.m. to 2:30 p.m., for a total of 42.5 hours per week.

30. Named Plaintiff was generally unable to take any lunch or meal break due to the demands of her job.

31. Named Plaintiff was paid at a regular time rate of between approximately $28.50 and approximately $33.75 per hour, though she was not paid for all time worked.

32. Named Plaintiff was not paid overtime compensation at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) hours per week.

33. While working for Defendant, Named Plaintiff and other similarly situated employees were regularly required to perform work for Defendants without receiving pay for all hours worked and overtime compensation when they worked more than forty (40) hours per week, as required by applicable federal and state law.

34. Named Plaintiff would clock in at the beginning of her shift, and then clock out at the conclusion of it.

35. Upon information and belief, for every shift over six (6) hours, one-half hour (30 minutes) would be automatically deducted from her pay for a meal break, regardless of whether Named Plaintiff was actually able to take the break or not.

36. Named Plaintiff did not take a full or even partial uninterrupted work-free meal break during a shift due to her workload and mandatory obligations to care for Defendant's residents.

37. Despite this, Defendant would still automatically deduct one-half hour of pay from Named Plaintiff's hours worked each shift.

38. Defendant knew or had reason to know that Named Plaintiff was unable to take her meal breaks.

39. Upon information and belief, Defendant's policies and procedures of automatically deducting a one-half-hour meal break from Named Plaintiff's hours worked were the same for all Putative Class Members.

40. Like Named Plaintiff, Putative Class Members had time for meal breaks automatically deducted from their hours work and pay even though they were unable to take meal breaks due to the demands of their job and meeting Defendant's clients' needs.

41. Like Named Plaintiff, Defendant knew or had reason to know that Putative Class Members were unable to take meal breaks due to the demands of their job and meeting Defendant's clients' needs

42. Like Named Plaintiff, Putative Class Members were not paid wages at their regular rate of pay for all hours worked.

43. Accordingly, also like Named Plaintiff, when Putative Class Members worked more than forty hours per week, they were not paid overtime compensation for all hours worked after forty (40) in a week.

44. Named Plaintiff regularly observed other similarly situated co-workers not getting a meal break and working through their designated break times.

45. Upon information and belief, all Putative Class Members who worked through their meal breaks were subject to Defendant's unlawful practice of automatically deducting time for breaks that they did not actually take, and did not get paid for the time they spent working through their breaks.

46. As a result of the foregoing, Named Plaintiff and those similarly situated were routinely not paid for all hours worked and at times deprived of earned overtime compensation.

47. Defendant consistently and repeatedly applied this policy, procedure, and practice of automatically deducting one-half hour for meal breaks regardless of whether they were taken by the employee, and as a result failing to pay regular wages and overtime wages, across the Putative Class.

48. Defendant provided Named Plaintiff and Putative Class Members with inaccurate pay statements for each and every pay period that wrongfully deducted one or more one-half hour meal breaks that were not actually taken by Named Plaintiff and those similarly situated. The pay statements were unreliable in that they incorrectly recorded all hours for which Named Plaintiff and those similarly situated were owed pay and misled them as to whether they were properly paid for all hours worked. Each pay statement that wrongfully stated the hours actually worked by Named Plaintiff and those similarly situated constitutes a separate and individual actionable violation of the FLSA and NYLL, as stated herein.

## FIRST CAUSE OF ACTION
## UNPAID OVERTIME COMPENSATION UNDER FLSA

49. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

50. Named Plaintiff and similarly situated hourly employees of Defendant brings this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

51. Under the FLSA, Named Plaintiff and similarly situated hourly employees are entitled to be compensated for all hours worked in excess of forty (40) hours per week pursuant to section 207 of the FLSA.

52. Defendant willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiff and Putative Class Members for all time worked, including time worked in excess of forty (40) hours per week, which qualified as overtime.

53. Named Plaintiff and Putative Class Members worked more than forty (40) hours per week, yet had adjustments made to their time records resulting in being paid for less time than what the Named Plaintiff and Putative Class Members actually worked.

54. As such, Named Plaintiff and Putative Class Members were not paid overtime compensation at the rate of one and one half times their regular wage rate for all hours worked after forty per week.

55. Upon information and belief, Defendant's failure to pay Named Plaintiff and Putative Class Members overtime compensation for all hours worked beyond forty (40) in a week was willful.

56. On this claim for relief, the Named Plaintiff, on behalf of herself and the Putative Class, seek the payment of all unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid to the Named Plaintiff and the Putative Class.

57. Plaintiffs also seek all available damages, including an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION
## NEW YORK OVERTIME COMPENSATION LAW

58. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

59. Pursuant to 12 NYCRR § 142-2.2 "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate . . . ."

60. NYLL § 663 provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."

61. Defendant is an employer within the meaning of the NYLL and the supporting New York State Department of Labor regulations.

62. Named Plaintiff and Putative Class Members are employees within the meaning of the NYLL and the supporting New York State Department of Labor regulations.

63. Upon information and belief, Named Plaintiff and Putative Class Members worked more than forty (40) hours per week.

64. Defendant did not pay Named Plaintiff and Putative Class Members at a rate of one

and one-half their regular rate of pay for all hours that they worked above forty (40) in a workweek.

65. Consequently, by failing to pay Named Plaintiff and Putative Class Members overtime compensation for all hours worked after the first forty hours in a week, Defendant violated the NYLL § 663 and 12 NYCRR § 142-2.2.

66. Upon information and belief, Defendant's failure to pay Named Plaintiff and Putative Class Members overtime compensation for all hours worked beyond forty (40) in a week was willful.

67. By the foregoing reasons, Defendant violated NYLL § 663 and 12 NYCRR § 142-2.2, and are liable to Named Plaintiff and Putative Class Members in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION
## NEW YORK FAILURE TO PAY ALL WAGES OWED

68. Named Plaintiff, on behalf of herself and the Putative Class Members, repeats and re-alleges the allegations set forth in the preceding paragraphs.

69. During the full statutory period, Named Plaintiff and Putative Class Members were protected by the provisions of the NYLL as well as all applicable regulations thereunder.

70. Pursuant to Article 6 and Article 19 of the New York Labor Law, §§ 190 et seq. and 650 et seq., along with their implementing regulations and the caselaw interpreting same, Plaintiffs are entitled to be paid their regular hourly rate of pay for each hour that they work.

71. Pursuant to NYLL § 190, the term "employee" means "any person employed for hire by an employer in any employment."

72. As persons employed for hire by Defendant, including Named Plaintiff and Putative Class Members, are "employees," as understood in NYLL § 190.

73. Pursuant to NYLL § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

74. As an entity that hired Named Plaintiff and other Putative Class Members, Defendant is an "employer" within the meaning of the NYLL.

75. The wage rate agreed upon by Named Plaintiff and Putative Class Members constitutes "wages" within the meaning of NYLL §§ 190, 191, 193.

76. Pursuant to NYLL § 191 and the cases interpreting the same, Named Plaintiff and other Putative Class Members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

77. Pursuant to NYLL § 663 (1), "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled . . . he or she shall recover in a civil action the amount of any such underpayments together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due . . . ."

78. Pursuant to NYLL § 198(3), which pertains to the statute of limitations for a violation of NYLL Article 6 states, in part, "[a]ll employees shall have the right to recover full wages, benefits and wage supplements and liquidated damages accrued during the six years previous to the commencing of such action, whether the action is instituted by the employee or the commissioner. There is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements."

79. NYLL § 193 also prohibits unauthorized deductions from wages, withholding wages, and failure to pay wages, and states "[t]here is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements."

80. The NYLL requires covered employers, including Defendant, to compensate Named Plaintiff and Putative Class Members at their established regular rates of pay for all hours worked in a workweek.

81. Named Plaintiff and Putative Class Members were not exempt from this requirement and are entitled to be paid by Defendant at their established regular rates of pay for all hours worked in a workweek, during the full statute of limitations period.

82. Throughout the full statute of limitations period, Defendant has engaged in a common policy and practice of failing to pay Named Plaintiff and Putative Class Members at their established regular rates of pay for all hours worked.

83. As a result of Defendant's failure to compensate Named Plaintiff and Putative Class Members at their established regular rates of pay for all hours worked, Defendant has violated the NYLL and/or applicable regulations thereunder, including but not limited to NYLL §§ 191, 193, 198, and 663.

84. Defendant has acted willfully and deliberately in maintaining an intentional practice of failing to compensate Named Plaintiff and the Putative Class in accordance with the NYLL.

85. Defendant's violations of the NYLL have significantly damaged Named Plaintiff and the Putative Class Members, and entitles them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## NYLL – DEDUCTIONS AND WITHHOLDING FROM WAGES

32. Named Plaintiff, on behalf of herself and the Putative Class Members, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

33. During the full statutory period, Named Plaintiff and the Putative Class Members were protected by the provisions of the NYLL as well as all applicable regulations thereunder.

34. NYLL § 193 also prohibits unauthorized deductions from wages, withholding wages, and failure to pay wages, and states "[t]here is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements."

35. Pursuant to 12 NYCRR 142-2.10, "Wages shall be subject to no deductions, except for allowances authorized in this Part, and except for deductions authorized or required by law, such as for social security and income tax."

36. The NYLL prohibits covered employers, including Defendant, from making unlawful deductions and/or withholdings from employees' wages.

37. Named Plaintiff and the Putative Class Members were not exempt from this protection.

38. Throughout the full statute of limitations period, Defendant has engaged in a common policy and practice of making unlawful deductions and/or withholdings from the wages of Named Plaintiff and the Putative Class Members.

39. As a result of Defendant's unlawful deductions from Named Plaintiff and the Putative Class Members' wages, Defendant has violated the NYLL and/or applicable regulations thereunder, *inter alia*, NYLL § 193 and 12 NYCRR 142-2.10.

40. Defendant has acted willfully and deliberately in maintaining an intentional

practice of failing to compensate Named Plaintiff and the Putative Class Members in accordance with the NYLL.

41. Defendant's violations of the NYLL have significantly damaged Named Plaintiff and the Putative Class Members, and entitles them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE NYLL WAGE STATEMENTS

107. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

108. Defendant willfully failed to supply Named Plaintiff and Putative Class Members with accurate pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

109. Failing to inform Plaintiffs of the true and accurate number of regular and overtime hours Plaintiffs worked each week, and the true and accurate number of regular wages and overtime wages earned each week, was part of Defendant's scheme to deprive Plaintiffs of all the regular and/or overtime pay they earned and are owed.

110. By routinely providing Plaintiffs with inaccurate and/or misleading information, or by failing to provide information, Defendant made it more difficult for Plaintiffs to determine whether and to what extent they were underpaid each week, thus impinging on their rights and

their ability to advocate for proper pay.

111. Defendant likewise failed to provide the true, complete, and accurate name of the entity responsible for paying wages to Named Plaintiff and the Putative Class, which also contributes to difficulty in efforts undertaken to recover wages owed.

112. Through their knowing or intentional failure to provide Named Plaintiff and Putative Class Members the wage statements required by the NYLL, Defendant willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

113. According to NYLL § 198-1(b), Named Plaintiff and those similarly situated are entitled to $250 for every day in which they did not receive a pay statement, or a total of $5,000 each, together with costs and reasonable attorney's fees.

114. By the foregoing reasons, Defendant has violated NYLL §§ 195 and 198-1(b) and are liable to the Named Plaintiff and those similarly situated in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE NYLL WAGE NOTICES

107. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

108. Defendant has willfully failed to supply Named Plaintiff and Putative Class Members with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as"

names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

109. Upon information and belief, Named Plaintiff and Putative Class Members did not receive true, complete, and accurate NYLL wage notices during their employment with Defendant.

110. Defendant willfully failed to supply Named Plaintiff and Putative Class Members with true, complete, and accurate wage notices that stated, *inter alia*, the true, accurate, and complete name of the employer, business address, any and all d/b/a names of the employer, the physical address of the employer's main office or principal place of business and a mailing address if different.

111. By routinely providing Plaintiffs with inaccurate and/or misleading information, or by failing to provide information, Defendant made it more difficult for Plaintiffs to determine which entity or entities are responsible for failing to pay wages to Named Plaintiff and the Putative Class, which also contributes to difficulty in efforts undertaken to recover wages owed.

112. Through the knowing or intentional failure to provide Named Plaintiff and Putative Class Members the wage notices and statements required by the NYLL, Defendant willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

113. According to NYLL § 198-1(b), Named Plaintiff and the Putative Class are entitled to $50 for every day in which they did not receive a wage notice, or a total of $5,000 each, together with costs and reasonable attorney's fees.

114. By the foregoing reasons, Defendant has violated NYLL §§ 195 and 198-1(b) and are liable to the Named Plaintiff and those similarly situated in an amount to be determined at trial,

17

plus liquidated damages, interest, attorneys' fees and costs.

## JURY TRIAL DEMANDED

86. Plaintiffs demand that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiff, individually and on behalf of the Putative Class, demands judgment:

(1) On the First Cause of Action against Defendant, all applicable damages including but not limited to unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in an equal amount, interest, attorneys' fees and costs, pursuant to the FLSA;

(2) On the Second Cause of Action against Defendant, all applicable damages including but not limited to all unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in an equal amount, interest, attorneys' fees and costs, pursuant to NYLL, and

(3) On the Third Cause of Action against Defendant, all applicable damages including but not limited to all unpaid wages in an amount to be determined at trial, plus liquidated damages in an equal amount, interest, attorneys' fees and costs, pursuant to NYLL, and

(4) On the Fourth Cause of Action against Defendant, all applicable damages including but not limited to all wages deducted and/or withheld in an amount to be determined at trial, plus liquidated damages in an equal amount, interest, attorneys' fees and costs, pursuant to NYLL, and

(5) On the Fifth Cause of Action against Defendant, all applicable damages, including but not limited to statutory damages under the NYLL in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(6) On the Sixth Cause of Action against Defendant, all applicable damages, including but not limited to statutory damages under the NYLL in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(6)     Such other and further relief as this Court may deem just and proper.

Dated: Fayetteville, New York
       May 14, 2025

             By:  /s/ LaDonna M. Lusher
                LaDonna M. Lusher, Esq.
                Alanna Sakovits, Esq.
                VIRGINIA & AMBINDER, LLP
                40 Broad Street, 7th Floor
                New York, New York 10004
                Tel: 212-943-9080
                llusher@vandallp.com
                asakovits@vandallp.com

                and

                Frank Gattuso, Esq.
                Ryan Files, Esq.
                GATTUSO & CIOTOLI, PLLC
                The White House
                7030 E. Genesee Street
                Fayetteville, New York 13066
                315-314-8000
                315-446-7521 (fax)
                fgattuso@gclawoffice.com
                rfiles@gclawoffice.com

                *Attorneys for the Plaintiff and putative class*